UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN CHRISTOPHER COFFER, | No. 2:24-cv-0929 AC P |
| Plaintiff, | |
| v. | ORDER |
| ZOE QUITNER, et al., | |
| Defendants. | |

Plaintiff is a state inmate who filed this civil rights action pursuant to 42 U.S.C. § 1983 without a lawyer. He has requested leave to proceed without paying the full filing fee for this action, under 28 U.S.C. § 1915. Plaintiff has submitted a declaration showing that he cannot afford to pay the entire filing fee. See 28 U.S.C. § 1915(a)(2). Accordingly, plaintiff's motion to proceed in forma pauperis is granted.[1]

I. Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against "a

---

[1] This means that plaintiff is allowed to pay the $350.00 filing fee in monthly installments that are taken from the inmate's trust account rather than in one lump sum. 28 U.S.C. §§ 1914(a). As part of this order, the prison is required to remove an initial partial filing fee from plaintiff's trust account. See 28 U.S.C. § 1915(b)(1). A separate order directed to the appropriate agency requires monthly payments of twenty percent of the prior month's income to be taken from plaintiff's trust account. These payments will be taken until the $350 filing fee is paid in full. See 28 U.S.C. § 1915(b)(2).

1

1  governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).  A
2  claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v.
3  Williams, 490 U.S. 319, 325 (1989).  The court may dismiss a claim as frivolous if it is based on
4  an indisputably meritless legal theory or factual contentions that are baseless.  Id., 490 U.S. at
5  327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an
6  arguable legal and factual basis.  Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989),
7  superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir.
8  2000).

9      In order to avoid dismissal for failure to state a claim a complaint must contain more than
10 "naked assertion[s]," "labels and conclusions," or "a formulaic recitation of the elements of a
11 cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 557 (2007).  In other words,
12 "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory
13 statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  A claim upon which the
14 court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A claim has facial
15 plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable
16 inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citation
17 omitted).  When considering whether a complaint states a claim, the court must accept the
18 allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam), and construe the
19 complaint in the light most favorable to the plaintiff, Jenkins v. McKeithen, 395 U.S. 411, 421
20 (1969) (citations omitted).

21     II.    Factual Allegations of the Complaint

22     The complaint alleges that defendant Quitner, Williams, Monroe, Callis, Palma, Russel,
23 Agarin, and Melton, as well as the unnamed Warden of the California Medical Facility (CMF),
24 transportation officer, and grievances officers violated plaintiff's rights under the First and Eighth
25 Amendment and state law.[2]  ECF No. 1 at 1-4, 13, 15-16, 19-22, 30, 35-36, 62-64, 67-68, 82-86.

---

[2] The complaint is comprised of eighty-six pages of allegations interspersed with exhibits.  The court will address only the allegation made in the explicitly marked claim sections and will not sift through plaintiff's exhibits in an attempt to decipher what specific claims he may be attempting to make against any defendant.

2

Plaintiff alleges that while being housed at CMF, he was sexually harassed by defendant Williams when she came to his cell on approximately four different occasions and directed him to masturbate in front of her. Id. at 4. Fearing she would write him up for a disciplinary violation, plaintiff complied with the order. Id. Plaintiff filed a grievance and submitted a form to the Office of Internal Affairs, but his claims were never investigated. Id. at 13, 16. He also reported the incident to Russel and that it was causing him to cut his wrists and experience suicidal ideation, but Russel released him to his cell instead of screening him for placement in a crisis bed. Id. at 15.

Plaintiff also alleges that Quitner, a psychologist, failed to provide adequate mental health treatment when she discharged him from a mental health treatment program despite his reports of hearing voices and having thoughts of suicide. Id. at 19-22, 62. Quitner then refused to send plaintiff's mother his medical records, instead saying she would give his mother a call. Id. at 63-64. Defendants Agarin and Callis similarly ignored plaintiff's reports of hearing voices and cutting, telling him that the behavior was normal and they had seen worse. Id. at 67-68. Plaintiff filed a grievance about his mental health issues that was never investigated. Id. at 82-83.

When plaintiff was transferred to Salinas Valley State Prison (SVSP), the transportation officer flirted with him, took him to a Starbucks during the transfer, and tried to convince him to have coffee with her, making plaintiff recall the incident with Williams. Id. at 30, 35. While at SVSP, plaintiff began cutting his wrists and yelling that he was going to kill himself. Id. at 36. Officers placed him "in suicide" and defendant Monroe said he would have a nurse do an injury report but never did. Id. Plaintiff spoke to Russel after the incident and Russel put him on suicide watch. Id.

III.     Claims for Which a Response Will Be Required

After conducting the screening required by 28 U.S.C. § 1915A(a), the court finds that plaintiff has adequately stated claims under the Eighth Amendment for sexual harassment against Williams and deliberate indifference against Quitner, Russel, Agarin, and Callis.

IV.     Failure to State a Claim

However, the allegations in the complaint are not sufficient to state any claim for relief

3

against Monroe, Palma, and Melton or the Doe warden, transportation officer, and appeals officers. The complaint does not make any allegations against Palma, Melton, or the Doe warden and therefore fails to state any claims for relief against these defendants. With respect to Monroe, plaintiff has not alleged any facts demonstrating that Monroe's failure to ensure his injuries were documented delayed or denied plaintiff's treatment in any way. Similarly, plaintiff has not alleged facts showing that the Doe transportation officer's conduct constituted sexual harassment in violation of the Eighth Amendment. Finally, while plaintiff has a First Amendment right to file grievances, he does not allege that any grievance officer prevented him from filing grievances, only that they did not investigate them, which does not violate the First Amendment.

Plaintiff also fails to state any state law claims against Williams because he has not alleged compliance with the government claims act. He has not stated a First Amendment freedom of speech claim against Quitner because he has not shown that she restricted his speech. He also does not state a claim against Quitner for refusing to provide his medical records to his mother. Plaintiff cites the First Amendment "right to be secure in papers." ECF No. 1 at 63. However, the First Amendment provides no such right, and plaintiff instead appears to be referencing the Fourth Amendment's right against unreasonable searches and seizures, which does not apply to the circumstances of this case. Moreover, even if there was a constitutional obligation to provide copies of medical records, there is no indication from the complaint that Quitner was responsible for fulfilling such requests or that plaintiff completed the paperwork necessary to allow the release of his records to a third party.

It appears to the court that plaintiff may be able to allege facts to fix some of these problems. Therefore, plaintiff has the option of filing an amended complaint.

V. <u>Options from Which Plaintiff Must Choose</u>

Based on the court's screening, plaintiff has a choice to make. After selecting an option from the two options listed below, plaintiff must return the attached Notice of Election form to the court within 21 days from the date of this order.

**The first option available to plaintiff is to proceed immediately the Eighth Amendment claims for sexual harassment against Williams and deliberate indifference**

4

**against Quitner, Russel, Agarin, and Callis. By choosing this option, plaintiff will be agreeing to voluntarily dismiss all other claims and defendants. The court will proceed to immediately serve the complaint and order a response from defendants Williams, Quitner, Russel, Agarin, and Callis.**

**The second option available to plaintiff is to file an amended complaint to fix the problems described in Section IV. If plaintiff chooses this option, the court will set a deadline in a subsequent order to give plaintiff time to file an amended complaint.**

VI.     Plain Language Summary of this Order for Party Proceeding Without a Lawyer

Some of the allegations in the complaint state claims against the defendants and some do not. You have stated a claim against Williams for sexual harassment and against Quitner, Russel, Agarin, and Callis for deliberate indifference to your serious medical needs. You have not stated any other claims for relief against Williams, Quitner, Russel, Agarin, and Callis, and you have not stated any claims at all against Monroe, Palma, and Melton or the Doe warden, transportation officer, and appeals officers.

You have a choice to make. You may either (1) proceed immediately on your claims for sexual harassment against Williams and deliberate indifference against Quitner, Russel, Agarin, and Callis and voluntarily dismiss the other claims and defendants; or, (2) try to amend the complaint. To decide whether to amend your complaint, the court has attached the relevant legal standards that may govern your claims for relief. See Attachment A. Pay particular attention to these standards if you choose to file an amended complaint.

CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's requests for leave to proceed in forma pauperis (ECF No. 5, 6) are GRANTED.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the appropriate agency filed concurrently herewith.

3. Plaintiff's allegations against defendants Monroe, Palma, and Melton and against the Doe warden, transportation officer, and appeals officers do not state any claims for which relief can be granted. Plaintiff's allegations also do not state any claims against Williams or Quitner under the First Amendment or against Williams under state law.

4. Plaintiff has the option to proceed immediately on his Eighth Amendment claims for sexual harassment against Williams and deliberate indifference against Quitner, Russel, Agarin, and Callis as set forth in Section III above or to file an amended complaint.

5. Within 21 days from the date of this order, plaintiff shall complete and return the attached Notice of Election form notifying the court whether he wants to proceed on the screened complaint or whether he wants to file an amended complaint.

6. If plaintiff does not return the form, the court will assume that he is choosing to proceed on the complaint as screened and will recommend dismissal without prejudice of all claims against defendants Monroe, Palma, and Melton and against the Doe warden, transportation officer, and appeals officers; the First Amendment claims against Williams and Quitner; and the state law claims against Williams.

DATED: March 17, 2025

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

1
2
3
4
5
6                    UNITED STATES DISTRICT COURT
7                 FOR THE EASTERN DISTRICT OF CALIFORNIA
8

9  JONATHAN CHRISTOPHER COFFER,        No. 2:24-cv-0929 AC P
10              Plaintiff,
11       v.                             NOTICE OF ELECTION
12  ZOE QUITNER, et al.,
13              Defendants.
14

15      Check one:
16  _____ Plaintiff wants to proceed immediately on his Eighth Amendment claims for sexual
17      harassment against Williams and deliberate indifference against Quitner, Russel, Agarin,
18      and Callis without amending the complaint.  Plaintiff understands that by choosing this
19      option, all claims against defendants Monroe, Palma, and Melton and against the Doe
20      warden, transportation officer, and appeals officers; the First Amendment claims against
21      Williams and Quitner; and the state law claims against Williams will be voluntarily
22      dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(a).
23
24  _____ Plaintiff wants time to file an amended complaint.
25
26  DATED:_____
27                                      _____
                                        Jonathan Christopher Coffer
28                                      Plaintiff pro se

                                        1

Attachment A

This Attachment provides, for informational purposes only, the legal standards that may apply to your claims for relief. Pay particular attention to these standards if you choose to file an amended complaint.

I. Legal Standards Governing Amended Complaints

If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Also, the complaint must specifically identify how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. See Local Rule 220. This is because, as a general rule, an amended complaint replaces the prior complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012). Therefore, in an amended complaint, every claim and every defendant must be included.

II. Legal Standards Governing Substantive Claims for Relief

A. Sexual Harassment

"[P]risoners have a right to be free from sexual abuse." Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) (citation omitted). Unwanted sexual contact or harassment by a public official that occurs outside the context of an arrest is "analyzed under the substantive due process right to be free from violations of bodily integrity under the Fourteenth Amendment," Fontana v. Haskin, 262 F.3d 871, 881 n.6 (9th Cir. 2001), and verbal sexual harassment under certain circumstances may violate a pretrial detainee's Fourteenth Amendment rights, see Vasquez v. County of Kern, 949 F.3d 1153, 1163-65 & n.10 (9th Cir. 2020) (noting that sexual harassment

includes "[r]epeated verbal comments . . . of a sexual nature . . . including obscene language" (quoting 28 C.F.R. § 115.6)). "The threshold question is whether the behavior of the governmental officer is so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." Id. at 1162 (citation and quotation marks omitted).

### B. Deliberate Indifference

Denial or delay of medical care for a prisoner's serious medical needs may constitute a violation of the prisoner's Eighth and Fourteenth Amendment rights. Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). An individual is liable for such a violation only when the individual is deliberately indifferent to a prisoner's serious medical needs. Id.; see Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002); Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000).

In the Ninth Circuit, the test for deliberate indifference consists of two parts. Jett, 439 F.3d at 1096, citing McGuckin v. Smith, 974 F.2d 1050 (9th Cir. 1991), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc). First, the plaintiff must show a "serious medical need" by demonstrating that "failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" Id., citing Estelle, 429 U.S. at 104. "Examples of serious medical needs include '[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain.'" Lopez, 203 F. 3d at 1131-1132, citing McGuckin, 974 F.2d at 1059-60.

Second, the plaintiff must show the defendant's response to the need was deliberately indifferent. Jett, 439 F.3d at 1096. This second prong is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference. Id. Under this standard, the prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but that person "must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). This "subjective approach" focuses only "on what a defendant's mental attitude actually was." Id. at 839. A

showing of merely negligent medical care is not enough to establish a constitutional violation. Frost v. Agnos, 152 F.3d 1124, 1130 (9th Cir. 1998), citing Estelle, 429 U.S. at 105-106. A difference of opinion about the proper course of treatment is not deliberate indifference, nor does a dispute between a prisoner and prison officials over the necessity for or extent of medical treatment amount to a constitutional violation. See, e.g., Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989). Furthermore, mere delay of medical treatment, "without more, is insufficient to state a claim of deliberate medical indifference." Shapley v. Nev. Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985). Where a prisoner alleges that delay of medical treatment evinces deliberate indifference, the prisoner must show that the delay caused "significant harm and that Defendants should have known this to be the case." Hallett, 296 F.3d at 745-46; see McGuckin, 974 F.2d at 1060.

### C. Freedom of Speech

"[A]s a general matter, the First Amendment means that government has no power to restrict expression because of its message, its ideas, its subject matter, or its content. United States v. Alvarez, 567 U.S. 709, 716 (2012) (alteration in original) (quoting Ashcroft v. ACLU, 535 U.S. 564, 573 (2002)). "[A] prison inmate retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." Pell v. Procunier, 417 U.S. 817, 822 (1974).

### D. Grievances

The First Amendment protects an inmate's right to litigate and to file grievances. Silva v. Di Vittorio, 658 F.3d 1090, 1104 (9th Cir. 2011). However, a prisoner has no claim for the "loss of a liberty interest in the processing of his appeals . . . because inmates lack a separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)).

### E. Personal Involvement and Supervisory Liability

The civil rights statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

(1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted). In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior. Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009) ("In a § 1983 suit . . . the term "supervisory liability" is a misnomer. Absent vicarious liability, each Government official, his or her title notwithstanding is only liable for his or her own misconduct."). When the named defendant holds a supervisory position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged; that is, a plaintiff must allege some facts indicating that the defendant either personally participated in or directed the alleged deprivation of constitutional rights or knew of the violations and failed to act to prevent them. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).

F. State Law Claims

For claims against the state, timely presentation of a claim under the Government Claims Act is an element of the cause of action and must be pled in the complaint. See State v. Superior Court (Bodde), 32 Cal. 4th 1234, 1240, 1237 (2004); Cal. Gov't Code § 900.6 (defining "State" as "the State and any office, officer, department, division, bureau, board, commission or agency of the State claims against which are paid by warrants drawn by the Controller").

G. Doe Defendants

Although the use of Doe defendants is acceptable to withstand dismissal at the initial screening stage, service of process for these defendants will not be ordered until such time as plaintiff has: 1) identified them by their real names through discovery; and, 2) filed a motion to amend the complaint to substitute their real names. See Mosier v. Cal. Dep't of Corr. & Rehab.,

4

2012 WL 2577524, at *3, 2012 U.S. Dist. LEXIS 92286, at *8-9 (E.D. Cal. July 2, 2012); Robinett v. Corr. Training Facility, 2010 WL 2867696, at *4, 2010 U.S. Dist. LEXIS 76327, at *12-13 (N.D. Cal. July 20, 2010). Additionally, to state a claim against Doe defendants, plaintiff must allege conduct by each specific Doe defendant to establish liability under 42 U.S.C. § 1983. This means that plaintiff should identify each Doe defendant separately (e.g., Doe 1, Doe 2, etc.) and explain what each individual did to violate his rights.