UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN CHRISTOPHER COFFER, | No. 2:24-cv-0929 AC P |
| Plaintiff, | |
| v. | ORDER |
| ZOE QUITNER, et al., | |
| Defendants. | |

      Plaintiff, a state prisoner proceeding pro se, has moved for default judgment and requested leave to depose defendants and subpoena witnesses. ECF Nos. 26, 27.

      Plaintiff requests that default judgment be entered because defendants have failed to timely waive service. ECF No. 26. However, after the California Department of Corrections and Rehabilitation (CDCR) notified the court that defendants Williams and Quittner would waive service (ECF No. 22), those defendants filed timely waivers (ECF No. 24). The court then referred this case to Post-Screening ADR and stayed the case, including the deadline for Williams and Quittner to respond to the complaint. ECF No. 25. Accordingly, defendants Williams and Quittner are not in default. With respect to defendants Russell, Agarin, and Callis, the CDCR notified the court that these defendants would not be waiving service and provided additional contact information for the Marshals to effectuate service. ECF No. 23. Since these defendants have not yet been served or waived service, they are not in default. The motion for default

1

1  judgment will therefore be denied.

2      Plaintiff's motion to depose defendants and subpoena witnesses will also be denied as
3  premature. This case is currently stayed while it is referred to ADR, and defendants have yet to
4  respond to the complaint. In the event this case does not settle in ADR and defendants answer the
5  complaint, the court will issue a discovery and scheduling order that will set a schedule for
6  discovery in this case. Once the stay is lifted and discovery is opened, plaintiff will generally not
7  require leave of the court to conduct a deposition. However, if plaintiff wants to depose either
8  defendant, he will be responsible for setting up the deposition, including setting the date, time,
9  and location of the deposition, arranging for a court reporter, and paying any fees for the court
10 reporter's services and the transcription of the deposition. See Matthews v. Puckett, 670 F. App'x
11 964, 965 (9th Cir. 2016) (upholding denial of request for additional copy of deposition transcript
12 because indigent plaintiff "must bear his own discovery costs" (citing Tedder v. Odel, 890 F.2d
13 210, 211 (9th Cir. 1989) (per curiam))).

14     Accordingly, IT IS HEREBY ORDERED that:

15     1. Plaintiff's motion for default judgment (ECF No. 26) is DENIED;

16     2. Plaintiff's motion to depose defendants and subpoena witnesses (ECF No. 27) is
17 DENIED.

18 DATED: August 7, 2025

                        ALLISON CLAIRE
                        UNITED STATES MAGISTRATE JUDGE